UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-93-RLV
(5:10-cr-42-RLV-1)

| | |
|---|---|
| ANTHONY PAUL VELASQUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Respondent's motion to hold this action in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina. Counsel for Petitioner does not object to Respondent's Motion. (Id. at 2.)

On January 12, 2011, Petitioner pled guilty to two counts of Interference with Commerce by Threats or Violence (hereinafter "Hobbs Act robbery"), in violation of 18 U.S.C. § 1951, and one count of Using and Carrying a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The presentence report found that he had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: two North Carolina convictions for common law robbery, both in 2007. On June 14, 2011, this Court imposed a total aggregate sentence of 262 months' imprisonment. (Mot. to Vacate 1-2, Doc. No. 1.)

On June 17, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges his § 924(c) conviction and sentence, arguing that his predicate offense of Hobbs Act robbery does not qualify as a "crime of violence" in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). He also challenges the enhancement of his sentence under

the career-offender guideline in U.S.S.G. § 4B1.2.  Petitioner argues that his prior North Carolina convictions for common law robbery no longer qualify as career-offender predicates as a result of Johnson.  In Johnson, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," but the decision did not address either the residual clause under the career-offender guideline or the residual clause under § 924(c).  See id. at 2563.

On December 6, 2016, Respondent filed the instant Motion to hold this action in abeyance pending a decision by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, and a decision by the United States Supreme Court in Beckles v. United States, No. 15-8544.  (Doc. No. 3.)  In Ali, the Fourth Circuit is considering whether a Hobbs Act robbery can be considered a "crime of violence" under 18 U.S.C. § 924(c)'s residual clause in light of Johnson.[1]  In Beckles, the Supreme Court is considering whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline, and, if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review.

The issues to be decided in Ali and Beckles may be dispositive of Petitioner's claims for relief under Johnson.  Furthermore, the Fourth Circuit is holding Ali in abeyance pending the Supreme Court's decision in Lynch v. Dimaya, Case No. 15-1498.  In that case, the Court will consider a question regarding the constitutionality of 18 U.S.C. § 16's residual clause, which is worded identically to the residual clause of § 924(c).  In light of these factors, and in the absence of opposition from Petitioner, the Court finds it is in the interest of judicial economy to grant Respondent's Motion to hold this action in abeyance.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to hold Petitioner's § 2255

---

[1]

Motion to Vacate in abeyance (Doc. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Supreme Court's decision in <u>Beckles v. United States</u>, No. 15-8544, and the Fourth Circuit's decision in <u>United States v. Ali</u>, No. 15-4433. Respondent shall have 60 days from the date the later of these two decisions is entered to file an answer, motion, or other response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED.**

Signed: December 7, 2016

Richard L. Voorhees
United States District Judge