# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:16-cv-00093-KDB
# (CRIMINAL CASE NO. 5:10-cr-00042-KDB-DSC-1)

| | |
|---|---|
| **ANTHONY PAUL VELASQUEZ,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 9]. The Petitioner is represented by Joshua Carpenter and Caryn Devis Strickland of the Federal Defenders of Western North Carolina.

## I. BACKGROUND

On September 21, 2010, Petitioner Anthony Paul Velasquez ("Petitioner") was charged in a Bill of Indictment with two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts One and Three); two counts of using and brandishing a firearm in furtherance of a crime of violence, that is, Hobbs Act robbery as charged in Counts One and Three, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Two and Four); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Five). [CR Doc. 1: Indictment]. The parties entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:16-cv-00093-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:10-cr-00042-KDB-DSC-1.

One, Two, and Three, and the Government agreed to dismiss Counts Four and Five. [CR Doc. 13 at 1: Plea Agreement]. The Petitioner faced a maximum term of twenty 20 years' imprisonment for Counts One and Three, see 18 U.S.C. §§ 1951, and a mandatory consecutive sentence of not less than 7 years to life for Count Two, see 18 U.S.C. § 924(c)(1)(A)(ii). Petitioner pleaded guilty in accordance with his Plea Agreement. [CR Doc. 14].

The Petitioner's sentencing hearing was held on June 14, 2011. The Court sentenced Petitioner to a term of imprisonment of 178 months on each of Counts One and Three, to be served concurrently, and 84 months on Count Two, to be served consecutively to the terms imposed on Counts One and Three, for a total term of 262 months' imprisonment. [CR Doc. 24 at 2: Judgment]. Judgment on this conviction was entered on June 21, 2011. [Id.]. Petitioner did not file a direct appeal from this Judgment. On February 18, 2015, Petitioner filed his first motion to vacate under 28 U.S.C. § 2255, which was dismissed as untimely. [CR Docs. 31, 32].

On June 8, 2016, Petitioner filed the instant motion to vacate under § 2255, arguing that, under Johnson v. United States, 135 S. Ct. 2551 (2015), that his conviction under 18 U.S.C. § 924(c) is invalid.[2] [CV Doc. 1]. After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 2]. Then, upon the request of the Government, this matter was stayed pending the Supreme Court's decision in Beckles, No. 15-8544, and the Fourth Circuit's decision in United States v. Ali, No. 15-4433. The Fourth Circuit then ordered that Ali would be held in abeyance pending the Supreme Court's decision in United

---

[2] Petitioner also argues that he does not qualify as a career offender under Johnson because "the residual clause [of the United States Sentencing Guidelines] in § 4B1.2(a)(2) is identical to the one in the Armed Career Criminal Act," and, therefore, also void for vagueness. [CV Doc. 1 at 1-6]. This argument has been unequivocally foreclosed by the Supreme Court's decision in Beckles v. United States, which held that the advisory sentencing guidelines are not subject a vagueness challenge under the Due Process Clause. Beckles, 137 S. Ct. 886, 892 (2017). The Court, therefore, does not address this issue further.

2

States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. After the Court ordered the parties to show cause why the stay in this matter should not be lifted [CV Doc. 6], the Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 9]. The Petitioner, despite being represented by counsel, did not respond.

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his conviction on Count Two was imposed in violation of the Constitution and laws of the United States. [CV Doc. 1].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious

potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Here, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [Doc. 1 at 7-8]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, the Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA' residual clause," which was found to be unconstitutionally vague, Petitioner's conviction for Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause. [CV Doc. 1 at 7]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Two is valid if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. The Fourth Circuit has squarely addressed this issue in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d at 266.

As such, because Hobbs Act robbery is a "crime of violence," Petitioner's conviction under 18 U.S.C. § 924(c) is valid. The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 9] is **GRANTED**.

Signed: March 12, 2020

Kenneth D. Bell
United States District Judge