# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:16-cv-00093-KDB
# (CRIMINAL CASE NO. 5:10-cr-00042-KDB-DSC-1)

| | |
|---|---|
| **ANTHONY PAUL VELASQUEZ,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Remand from the Court of Appeals for the Fourth Circuit for the limited purpose of allowing this Court to obtain information from the parties concerning whether and when Petitioner filed and/or gave to prison officials a timely notice of appeal from the Court's Order denying relief on Petitioner's 28 U.S.C. § 2255 motion and to determine whether any such notice of appeal was timely filed, all in accordance with Fed. R. App. P. 4(c)(1) and Houston v. Lack, 487 U.S. 266 (1988). [See Doc. 15].

On remand, to make this determination, the Court ordered the parties to submit affidavits regarding the timeliness of Petitioner's alleged first notice of appeal as fully set forth in the Court's December 28, 2020 Order. [See Doc. 16]. The parties timely responded.[1] [Docs. 18, 19]. The Government responded with an Affidavit by Assistant U.S. Attorney Elizabeth M. Greenough,

---

[1] Petitioner filed an initial response that was not in the form of an affidavit or signed under penalty of perjury. [Doc. 17]. The Court, therefore, will not consider this initial response now. A few days later, and still within the time set by the Court, Petitioner filed a second response to the Court's Order in which he states "this is an Affidavit as well as a written statement under oath" and "swears this to be a true written statement." [Doc. 19]. Although not signed by a notary and not explicitly stated to be "under penalty of perjury, the Court will consider Petitioner's second response for the purposes of this Order.

attesting to information she was provided by Lara Crane, a supervisory attorney with the Federal Bureau of Prisons. [Doc. 18 at ¶ 3]. Greenough attests that "during the beginning of modified operations under the pandemic, legal mail at FCI Williamsburg was collected from the units, rather than by having inmates bring the mail to the mailroom." [Id. at ¶ 3(b)]. She further attests that no other changes to mail procedures were made and that inmates were able to, and did, send certified mail during the March 2020 to May 2020 period. [Id. at ¶ 3(c), (e)]. Prison mail logs, however, recorded outgoing legal mail only if it was sent by certified mail. [Id. at ¶ 3(d)]. There is no record of Petitioner having sent certified mail between March 2020 and May 2020. [Id. at ¶ 3(f)].

Petitioner attests that he received the Order denying his § 2255 motion on April 1, 2020. [Doc. 19 at 1]. Petitioner further attests that as of April 1, 2020, because of the pandemic lockdown, inmates did not have access to the prison mailroom. As such, any outgoing mail was given to officers in the housing units. [Id. at 2]. On April 1, 2020, after receiving the Court's Order denying his § 2255 motion, Petitioner sent a letter to Joshua Carpenter "Appellate Chief" asking how to proceed with a pro se appeal. [Id.]. Petitioner received Mr. Carpenter's response on April 14, 2020. [Id.]. On the same day, Petitioner "then wrote the letter stating he would like an appeal by the 4th Circuit Court of Appeals." [Id. at 1-2]. Petitioner attests that an officer picked up his outgoing mail that day from his cell door. [Id. at 2]. Petitioner makes no claim that his notice of appeal was sent by certified mail. [See id.]. Petitioner includes with his response a written statement by a fellow inmate who states that he was present in Petitioner's cell when Petitioner gave the mail to the officer. [Id. at 3]. Petitioner attests that he did not make a copy of his first notice of appeal because he "did not feel the need to copy said notice" and did "not [have] access to [a] copy machine." [Id. at 2].

2

Here, because Plaintiff has shown by his sworn statement that he timely gave a prison official a notice of appeal from the Court's Order denying his § 2255 motion and the Government's Affidavit presents no facts which necessarily undermine Petitioner's affirmations, the Court concludes that Petitioner's notice of appeal was timely pursuant to Federal Rule of Appellate Procedure 4(c)(1) and Houston v. Lack, 487 U.S. 266 (1988).

## **ORDER**

The Court, therefore, **FINDS** that Petitioner's notice of appeal from this Court's Order denying relief on Petitioner's 28 U.S.C. § 2255 motion was timely filed.

Signed: January 19, 2021

*[Signature]*

Kenneth D. Bell
United States District Judge